IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case No. 5:11-CR-73-CAR |
| vs | : | |
| | : | |
| **ELBERT EUGENE SHINHOLSTER** | : | |
| | : | |

**STIPULATED SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Stipulated Settlement Agreement and Release of Claims (hereinafter "Agreement") is made and entered into between Plaintiff, the United States of America, and Third-Party Petitioner, Kimberly L. Watkins, f/k/a Kimberly L. Shinholster ("Petitioner"), and Petitioner's Counsel, Curtis L. Hubbard, Jr., Esquire (collectively, "the Parties"), to compromise and settle her interest in a portion of the currency seized on March 7, 2011, from Elbert Shinholster, Sr., at 71 Martin Luther King Road, Irwinton, Georgia, in the amount of $112,430.00 (hereinafter referred to as the "Subject Property").

This Agreement is entered into between the United States and the Petitioner pursuant to the following stipulations and terms:

1.  On January 30, 2012, the Defendant, Elbert Eugene Shinholster ("Defendant"), entered a plea of guilty to, *inter alia*, Count One of an Information filed in the above-styled case.  Count One charges that Defendant did knowingly use Electronic Benefits Transfer ("EBT") cards in an unauthorized manner contrary to Title 7, United States Code, Section 2011 *et seq*. to wit: redeeming the EBT cards for cash from the recipient's EBT card instead of the required food or other permissible grocery items in violation of the food stamp program in the amount greater than five thousand dollars

($5,000.00), in violation of Title 7, United States Code, Section 2024(b)(1), and Title 18, United States Code, Section 2.

2. The Information included a forfeiture provision which notified the Defendant that upon conviction for a violation of Title 7, United States Code, Section 2024(b)(1), he would be required to forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, which constitutes, or was derived from proceeds traceable, to the commission of the offenses, and pursuant to Title 7, United States Code, Section 2024(f), all property, real or personal, used in a transaction or attempted transaction, to commit, or facilitate the commission of the food stamp fraud violation, and all proceeds traceable to such violation, including, but not limited to, the Subject Property.

3. As a result of the Defendant's plea of guilty to Count One of the Information, his agreement to forfeit the Subject Property, *inter alia*, specified in the Forfeiture Notice, and the United States' agreement to release a portion of the Subject Property in the amount of $22,000.00 to the Petitioner upon sentencing of the Defendant, and the entry of a Final Order of Forfeiture [Doc. 13], the Court entered a Preliminary Order of Forfeiture [Doc. 20] on November 30, 2012, forfeiting all right, title, and interest of the Defendant in the Subject Property to the United States, and ordered that a portion of the Subject Property in the amount of $22,000.00 be released to the Petitioner as agreed upon between the parties.

4. All persons known to the United States to have a possible interest in the Subject Property have received actual notice and service of the Preliminary Order of

Forfeiture. The United States also published notice of this forfeiture and the intent of the United States to dispose of the Subject Property in accordance with the law, which notified all third parties of their right to petition the Court within thirty (30) says for a hearing to adjudicate the validity of their alleged legal interest in the Subject Property. An Affidavit of Publication [Doc. 26] was filed herein on July 25, 2013, specifying the details of this publication.

5.  On March 12, 2013, the Petitioner filed a timely claim asserting her interest in a portion of the Subject Property, in the amount of $22,000.00.

6.  No other persons or entities filed third-party petitions asserting claims or interests in any portion of the Subject Property.

7.  In accordance with the Parties' previous agreement recognizing Petitioner's interest in a portion of the Subject Property, incorporated by the Defendant's Plea Agreement, and the Preliminary Order of Forfeiture, the United States agrees to release $22,000.00 of the Subject Property to the Petitioner upon sentencing of the Defendant and the entry of a final order of forfeiture.

8.  Petitioner understands and agrees that by entering into this Agreement of her interest in the Subject Property, she waives any rights to litigate further her interest in the Subject Property and to petition for remission or mitigation of the forfeiture, and waives any further right or entitlement to challenge any order of forfeiture or other disposition of this case on appeal or otherwise.

9.  Petitioner expressly agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees,

from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which Petitioner, her successors, or assigns, ever had, now have, or may have, whether known or unknown, arising from and in connection with the seizure and forfeiture of the Subject Property.

10. This Agreement shall not affect any federal income tax liability of Petitioner which may arise.

11. Petitioner agrees to waive all attorney's fees and costs under 28 U.S.C. § 2465 and 28 U.S.C. § 2412, with regard to the Subject Property.

12. In making this Agreement, no party relies on any statement or representation, oral or otherwise, made by an opposing party which contradicts the terms of this Agreement. The terms of this stipulation are contractual and are binding upon and inure to the benefit of the parties to the stipulation and to their heirs, assignees, successors, and representatives.

THEREFORE, for the foregoing reasons, the Parties jointly request the Court to enter a consent order with regard to the Subject Property authorizing the release of $22,000.00 of the Subject Property to the Petitioner upon sentencing of the Defendant, and the entry of a final order of forfeiture.

AGREED TO AND STIPULATED this October 9, 2013.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY


By:   s/ DANIAL E. BENNETT
      ASSISTANT UNITED STATES ATTORNEY
      GEORGIA STATE BAR NO.   052683
      UNITED STATES ATTORNEY'S OFFICE
      Post Office Box 1702
      Macon, Georgia 31202-1702
      Telephone: (478) 752-3511
      Facsimile: (478) 621-2712

I, Kimberly L. Watkins, f/k/a Kimberly L. Shinholster, Third-Party Petitioner, have entered into this Agreement freely and voluntarily, without coercion, duress or undue influence.  I have discussed this Agreement with my attorney, Curtis L. Hubbard, Jr., Esq., and I fully understand it and agree to its terms.

        s/ KIMBERLY L. WATIKINS f/k/a
        KIMBERLY L. SHINHOLSTER
        THIRD-PARTY PETITIONER

I, Curtis L. Hubbard, Jr., Esq., counsel for Third-Party Petitioner, Kimberly L. Watkins, f/k/a Kimberly L. Shinholster, have received a copy of this Agreement and have reviewed it with her.   To the best of my knowledge and belief, Petitioner understands the terms of the Agreement and has freely and voluntarily entered into this Agreement.

        s/ CURTIS L. HUBBARD, JR., ESQ.
        ATTORNEY FOR THIRD-PARTY PETITIONER
        GEORGIA STATE BAR NO.   373322

I certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY

        s/ DANIAL E. BENNETT
        ASSISTANT UNITED STATES ATTORNEY